IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

EDWARD TYRONE RIDLEY,

    Petitioner,

v.                                              CASE NO. 5:16-cv-192-MP-GRJ

FLORIDA DEP'T OF
CORRECTIONS,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

This case is before the Court on ECF No. 6, an amended petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the following reasons, it is respectfully recommended that the petition be dismissed.

Petitioner was convicted in 1996 in Bay County, Florida, on his *nolo contendere* plea to one count of attempted sexual battery and received a three-year sentence. ECF No. 6. On December 11, 1998, after serving his sentence, he was released from custody by the State of Florida.[1] Petitioner was later convicted in Crisp County, Georgia, for failure to register as a sex offender, and is presently confined by the State of

---

[1] *Florida Dep't of Corrections*, http://www.dc.state.fl.us/InmateReleases/detail.asp?Bookmark=1&From=list&SessionID=433067402.

Georgia at the Washington State Prison in Davisboro, Georgia.[2]

Petitioner now files the instant Petition under section 2254, asserting numerous grounds for relief from his 1996 Bay County conviction, including ineffective assistance of counsel, violations of due process, denial of his right to collaterally challenge his conviction in state court, lack of DNA evidence, coerced statements, false statements by officers, lack of polygraph testing, newly discovered evidence, failure to investigate the victim's mental state, and unlawful placement on sex offender registry. ECF No. 6. For relief, Petitioner seeks to withdraw his plea and proceed to trial, or dismissal of the underlying case. He also seeks monetary relief in connection with his placement on sex offender registries. *Id*. at 18.

This Court lacks jurisdiction to consider the Petition. Relief under 28 U.S.C. § 2254 is available to a person who is "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." The "in custody" requirement is a prerequisite to invoking the subject matter jurisdiction of the court. *Unger v. Moore*, 258 F.3d 1260, 1263 (11th Cir.

---

[2] *Georgia Dep't of Corrections*, http://www.dcor.state.ga.us/GDC/Offender/Query (last visited October 4, 2016).

2001).  In *Maleng v. Cook*, 490 U.S. 488, 491-92 (1989), the Supreme Court held that once a sentence has fully expired, the petitioner is not "in custody" for purposes of attacking that conviction in a habeas corpus petition.

Petitioner was required to register as a sex offender under Florida law was not because of any constitutional deficiency in his Florida state conviction and judgment but because he was released from prison after October 1, 1997, the effective date of the Florida sex-offender registration statute, which required individuals to register as sex offender upon their release from prison.  See Fla. Stat. § 943.0435.³  The fact that petitioner is subject to a sex offender registration requirement does not satisfy the federal habeas "in custody" requirement.  *See, e.g., Virsnieks v. Smith*, 521 F.3d 707, 717-20 (7th Cir. 2008) (collecting cases and finding that Wisconsin's sex offender registration requirements are remedial rather than punitive and therefore do not satisfy the "in custody" requirement for habeas corpus claims); *see also Leslie v.. Randle*, 296 F.3d 518, 521-23 (6th Cir. 2002) (same with regard to Ohio's sex offender registration

---

³ "Sexual offender" means a person who . . . [h]as been released on or after October 1, 1997. . . ." § 943.0435(1)(a).

statute; dismissing habeas petition after concluding that Ohio's statute does not place an offender "in custody" for purposes of § 2254); *Henry v. Lungren*, 164 F.3d 1240, 1241-42 (9th Cir. 1999) (same with regard to California's sex offender registration statute); *McNab v. Kok*, 170 F.3d 1246, 1247 (9th Cir. 1999) (same with regard to Oregon's sex offender registration statute); *Davis v. Nassau Cnty.*, 524 F. Supp. 2d 182,187-89 (E.D. N.Y. 2007) (collecting cases and finding the same under New York's and Oklahoma's sex offender registration statutes); *Hansen v. Marr*, 594 F. Supp. 2d 1097, 1100-01 (D. Neb. 2009) (analyzing other circuits and holding that registration as a sex offender, and the potential for future incarceration for failure to do so, does not satisfy the "in custody" requirement for habeas relief); *Ridley v. Hetzel*, No. 2:11cv377-TMH, 2011 WL 3475292, at *1-*2 (M.D. Ala. July 7, 2011) (dismissing for lack of jurisdiction petitioner's § 2254 petition challenging the sex offender registration laws of Alabama, Georgia and Florida; concluding that Alabama's sex offender registration requirements do not satisfy the "in custody" requirement for purposes of § 2254).

  This Court has twice previously denied Petitioner habeas corpus relief in connection with his underlying 1996 conviction. In *Ridley v.*

*Parsons*, Case No. 5:09-cv-177-SPM-EMT, ECF No.s 20, 22 (N.D. Fla. 11/19/09), Petitioner challenged this same 1996 conviction. The Court dismissed the petition because Petitioner was no longer in custody pursuant to the Florida conviction and made no allegations showing that he was challenging his present conviction in Georgia. In *Ridley v. DOC*, Case No. 5:14-cv-54-WS-CJK, ECF No. 4 (N.D. Fla. 2/27/14), Petitioner also challenged his 1996 Bay County conviction and the Court concluded that he was no longer in custody for purposes of habeas corpus jurisdiction with respect to that conviction. The Court construed the petition as challenging his 2013 Georgia conviction and sentence, and transferred the case to the Middle District of Georgia.

Because Petitioner is no longer "in custody" under the 1996 Florida judgment, that conviction is not susceptible to collateral attack in its own right under section 2254. While the Court normally would allow a *pro se* Petitioner to amend his petition to seek proper relief, amendment would be futile for the reasons discussed above. Further, in light of Petitioner's previous unsuccessful efforts to pursue the same habeas corpus claims in

this Court, the Court finds that the instant petition is frivolous.

Accordingly, it is respectfully **RECOMMENDED** that:

The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody, ECF No. 6, should be **DISMISSED** for lack of jurisdiction and as frivolous, all pending motions should be terminated, and the case should be closed.

**IN CHAMBERS** this 4th day of October 2016.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**